UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAZMINE I. ROBERTS,

                         Plaintiff,

                -against-

NARAYAN PHARMACY,

                         Defendant.

24-CV-1317 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jazmine I. Roberts, a Queens resident who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. She names as the Defendant, Narayan Pharmacy, a pharmacy located in Mount Vernon, New York. By order dated February 26, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the complaint for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Taking all of these standards together, courts liberally construe pleadings prepared by *pro se* litigants and hold them "'to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## BACKGROUND

The following facts are drawn from the complaint.[1] On February 15, 2024, at Defendant Narayan Pharmacy, Plaintiff

> [w]alked-in for emergency stabilization because my appointment was cancelled with PPH due to the weather. Was seen by NP and when it was time to pick up my prescription narayna pharmacy refused to give me my prescription because none of my health insurance member ID numbers were active. . . . Im trying to have [the prescriber] re-send the Rx to another pharmacy however I'm facing discrimination retaliation because of docket 21-2583.[2]

(ECF 1, at 5.) Plaintiff states that the "diagnosis is extremely effective my body as the Time passes without the prescription." (*Id.* at 6.) She seeks money damages.

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] This case number does not correspond to a docket number assigned to any of Plaintiff's prior cases in this court.

only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

### 1.    Federal Question

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff invokes this Court's federal question jurisdiction as a basis for the Court's exercise of jurisdiction, but she does not allege facts suggesting that Defendant Narayan

Pharmacy violated any federal law.[3] Rather, her allegations suggest only that Plaintiff could not afford to pay for her medication because Narayan did not have Plaintiff's insurance information, which presumably would have covered the costs of the medication. While Plaintiff refers to her prior litigation as the reason for Narayan's alleged failure to fill her prescription, she does not state facts connecting her prior litigation with Narayan's decision not to fill her prescription, or how such a connection would be in violation of any federal law. The alleged facts therefore do not show that any federal law or constitutional right was implicated when Plaintiff attempted to fill her prescription.

### 2.        Diversity Jurisdiction

The Court also cannot exercise diversity jurisdiction of any state law claim that Plaintiff may be asserting against Defendant. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff first must allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff, who resides in the Queens, New York, has not alleged facts demonstrating that there is diversity jurisdiction. All of the information pleaded in the complaint indicates that she

---

[3] Pharmacies are regulated in New York State under state law, specifically, article 137 of the New York Education Law §§ 6800-6832.

and Narayan Pharmacy are in New York, precluding complete diversity of citizenship. The Court therefore cannot exercise subject matter jurisdiction of Plaintiff's state law claim.

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court declines to grant Plaintiff leave to amend her complaint because the defects in the complaint cannot be cured with an amendment. Plaintiff's claims arise under state law, and this Court can exercise jurisdiction of such claims only under its diversity jurisdiction. As the parties are not diverse, the Court does not have jurisdiction of the claims.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    April 29, 2024
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge